UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>  v.<br><br>ERIK K. BARDMAN,<br><br>        and<br><br>JENNIFER F. WOLF,<br><br>        Defendants. | Case No.    3:16-cv-02023-JST<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c), the parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order. The Court enters this Protective Order to ensure the confidentiality of certain information that has been and will be produced and disclosed in discovery in this action. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the terms of this Protective Order.

2. DEFINITIONS

    2.1    <u>Confidential Business Information</u>: As used in this Protective Order, the term "Confidential Business Information" shall mean any documents or other information containing trade secrets or other confidential or proprietary research, development, or commercial information.

    2.2    <u>Party</u>: Any party to this action (including its employees) or any counsel (including counsel's employees) to such party (collectively, the "Parties").

    2.3    <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    2.4    <u>Producing Party</u>: A Party or Non-Party that produces disclosure or discovery material in this action.

    2.5    <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as Confidential Business Information.

    2.6    <u>Receiving Party</u>: A Party that receives disclosure or discovery material from a Producing Party.

    2.7    <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items as Confidential Business Information under this Protective Order.

    2.8    <u>Protected Material</u>: Any disclosure or discovery material designated as Confidential Business Information.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of

disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

Even after the Final Disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect unless the Parties agree otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING CONFIDENTIAL BUSINESS INFORMATION</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection as Confidential Business Information under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection as Confidential Business Information only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose

the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection as Confidential Business Information do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations as Confidential Business Information</u>. Material that qualifies for protection as Confidential Business Information under this Order may be so designated at any time. Designation in conformity with this Protective Order requires:

(a) <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" to each page that contains Confidential Business Information. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER." If only a portion or portions of the information or item warrant protection as Confidential Business Information, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of

a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality as Confidential Business Information at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable and substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party or Non-Party does not waive its right to challenge a designation as Confidential Business Information by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation of Confidential Business Information it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil L.R. 7 (and in compliance with Civil L.R. 79-5, if applicable) within 21 days of the initial

5

*SEC v. Bardman, et al.*, No. 3:16-cv-02023-JST
Stipulated Protective Order

notice of challenge or within 14 days of the parties' agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a designation as Confidential Business Information at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the protection to which it is entitled as Confidential Business Information until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1 Protected Material disclosed to any Party during the course of this action:

        a. Shall be used by the Parties only for the purposes of this action;

        b. Shall not be used by the Parties for any business or commercial purposes (other than a Party's use of its own information);

        c. Shall not be published to the public in any form by the Parties, except as permitted by this Protective Order;

|   |   |   |   |
|---|---|---|---|
| | d. | | May be disclosed only on an as-needed basis, during the course of this litigation and with reasonable precautions taken to insure the confidentiality of the information, to the following persons: |
| | | i. | A Party; |
| | | ii. | Employees or contractors of any law firm that represents a Party, including attorneys as well as secretarial, clerical, paralegal, legal, or student personnel, and any person or entity with whom a Party contracts to reproduce or manage documents; |
| | | iii. | Non-party witnesses; |
| | | iv. | A document's author(s), recipient(s), or copyee(s); |
| | | v. | Current and former employees of the Producing Party or Non-Party; |
| | | vi. | Independent (non-employee) consultants, expert witnesses, or advisors retained by any of the Parties in connection with this action; |
| | | vii. | Court reporters or stenographers and their employees; and |
| | | viii. | Such other persons as hereafter may be authorized by either (1) written consent of all the Parties; (2) the original producing Party or Non-Party; or (3) the Court, upon motion of either Party. |

7.2  The Party disclosing Protected Material to a recipient under Paragraph 7.1.d shall serve a copy of this Protective Order upon the recipient. The provisions of this Protective Order shall be binding upon each such recipient.

7.3  The provisions of this Protective Order shall not be construed as preventing:

    a. Any disclosure of Protected Material to any Party;

    b. Any disclosure of Protected Material to any judge, magistrate, or employee of this Court for any purposes of this action; or

    c. Any disclosure of Protected Material for the purpose of enforcement of the criminal law or as otherwise required by law.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Confidential Business Information, that Party must:

 (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

 (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

 (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Confidential Business Information before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

 (a) The terms of this Protective Order are applicable to information produced by a Non-Party in this action and designated as Confidential Business Information. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief

provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of the terms and the binding nature of this Protective Order under paragraph 7.2.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

12.1 **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 **Right to Assert Other Objections**. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 **Filing Protected Material**. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil L.R. 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil L.R. 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal

pursuant to Civil L.R. 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil L.R. 79-5(e) unless otherwise instructed by the Court.

13. <u>FINAL DISPOSITION</u>

Within 60 days after the Final Disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party, must destroy such material, or must maintain and dispose of such material in accordance with applicable federal recordkeeping and archival provisions. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: May 10, 2017     */s/ Kevin C. Lombardi*
Kevin C. Lombardi (DC Bar No. 474114)
(lombardik@sec.gov)
Paul W. Kisslinger (NJ Bar No. 6511995)
(kisslingerp@sec.gov)
SECURITIES AND EXCHANGE COMMISSION
100 F Street, NE
Washington, DC 20549
Tel: (202) 551-8753 (Lombardi)
Fax: (202) 772-9291 (Lombardi)

*Attorneys for Plaintiff Securities and Exchange Commission*

11     *SEC v. Bardman, et al.*, No. 3:16-cv-02023-JST
Stipulated Protective Order

DATED: May 10, 2017     */s/ Patrick D. Robbins*
Patrick D. Robbins (State Bar No. 152288)
Emily V. Griffen (State Bar No. 209162)
Lisa Valenti-Jordan (State Bar No. 300161)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (415) 616-1100
Facsimile: (415) 616-1199
Email: probbins@shearman.com
egriffen@shearman.com
lisa.valenti-jordan@shearman.com

*Attorneys for Defendant Erik K. Bardman*

DATED: May 10, 2017     */s/ William H. Kimball*
William H. Kimball (State Bar No. 242626)
KANE+KIMBALL LLP
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 704-1400
Facsimile: (877) 482-4749
Email: wkimball@kanekimball.com

*Attorney for Defendant Jennifer F. Wolf*

### CERTIFICATION PURSUANT TO CIVIL L.R. 5-1(i)(3)

I attest that concurrence in the filing of this document has been obtained from the foregoing party listed immediately above this certification.

*/s/ Patrick D. Robbins*
Patrick D. Robbins

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _May 21, 2017_____     _____
United States District Judge